KITCHENS, Justice,
dissenting:
¶ 33. I disagree with the majority’s holding that the attorneys for William Knesal had the authority to file a suggestion of death or a motion to dismiss on behalf of Knesal. The majority gives short shrift to the fact that Knesal was the original plaintiff in this action, and that he had maintained his claims against Clark for the entirety of the litigation. Because I find that Knesal’s attorneys acted without authority to • dismiss an action that Knesal clearly believed was justified and which Knesal showed every intention of pursuing, I respectfully dissent.
¶ 34. It is not clear what, if any, authority or standing the Bryan Nelson lawyers — Castigliola and Corlew — had to file the suggestion of death as it affected *541 Knesal’s claim against Clark, the filing of which started the ticking of the 90-day clock, during which period the filing of a motion for substitution would have been necessary to avoid the dismissal of Knesal’s case. It goes without saying that the deceased Mr. Knesal did not authorize or direct these lawyers to file the suggestion of his death. At that time, Knesal’s estate had not been opened; so, there was no personal representative (executor or administrator) to direct or authorize the filing of the suggestion of death.
¶ 35. Today, this Court, for the first time, determines who may properly file a suggestion of death, holding that anyone may do so and that the suggestion need not identify or be served upon the successors or representatives of the decedent. Certainly, there are many situations in which this rule would not be prejudicial to anyone involved. It is ironic, then, that the majority chooses to apply such a rule in a situation in which the rights and interests of a decedent are so clearly prejudiced. Mississippi Rule of Civil Procedure 25 requires that the action must be “dismissed without prejudice as to the deceased party....” M.R.C.P. 25(a) (emphasis added). While the dismissal clearly benefitted the insurance company that had hired Knesal’s attorneys by making Clark’s counterclaim go away, it was patently prejudicial to Knesal in at least two significant respects: 1) it extinguished the $89,337 claim that had prompted him to file the suit in the first place, then maintain it for twelve years, and 2) even assuming that the claim could be refiled and litigated, the case lost its position on the crowded docket of the Harrison County Circuit Court. Thus, Rule 25’s requirement that dismissal, if any, be accomplished without prejudice to the deceased party was not satisfied.
¶ 36. This Court provided a thorough analysis of an attorney’s duties to an insured when the attorney was hired by the insurer in Hartford Accident & Indemnity Co. v. Foster, 528 So.2d 255 (Miss.1988). The Court found that there was “no question” that the lawyer owed a duty of “absolute loyalty” to the interests of the insured. Id. at 268. When the interests of an insured and insurer are in conflict, it is the lawyer’s duty to preserve the interests of both clients, and the lawyer “certainly is prohibited from taking any action which may injure either client.” Id. at 270.
¶ 37. By fully dismissing Knesal’s case, including the original cause of action that he himself had gone to the trouble and expense of filing and litigating, his attorneys appear to have disregarded Knesal’s interest in pursuing his claim against Clark, in essence “throwing out the baby with the bath water” in order to .benefit their other client, an insurance company. At the time these actions were taken, the only client Castigliola and Corlew had that was capable of giving them instruction or authorization to take such action was the only one that would benefit from it: the insurance company. Being dead, Mr. Knesal could neither give nor withhold his consent to this strategy, and his administrator had not yet been appointed. While the insurance policy may very well have authorized Castigliola and Corlew to proceed in the manner they did on behalf of the insurance carrier, such action clearly was.prejudicial to the interest of Knesal in the prosecution of his claim against Clark, which he steadfastly had pursued during his lifetime. In my view, these lawyers had no standing or authority to effect the dismissal of that claim, notwithstanding that Knesal did benefit, along with the carrier, from the dismissal of Clark’s counterclaim.
*542 ¶ 38. Tim Holleman was the attorney who represented Knesal in his prosecution of his claims against Clark. The record does not indicate that he took any part in the proceedings concerning the suggestion of death and dismissal motion. Interestingly, Scott Corlew’s Certificate of Service attached to the Suggestion of Death indicates that a copy was sent to Mr. Williams as attorney for Clark, to two other lawyers who represented two of the third-party defendants, to Harry Allen as attorney for Hancock Bank, and, finally, to Tim C. Hol-loman [sic], without listing him as anyone’s attorney. It cannot be determined from the record whether Holleman had become inactive in the case, or, more likely, whether he recognized that, with Mr. Knesal in his grave and without an executor or administrator, he was a lawyer without a client. Similarly, when Castigliola filed the motion to dismiss more than eight months later, he certified that he had copied Holleman (spelled correctly this time), but did not note that Holleman represented any party. Significantly, perhaps, both Corlew in his certificate and Castigliola in his motion to dismiss identified themselves as “attorney for the PlaÁnfÁff/Gounter-De-fendant, William E. Knesal. (Emphasis added.) So, they appear to have recognized that they had assumed the role and responsibility of acting for the dead Mr. Knesal in his capacity as plaintiff in the case, and they seemed perfectly comfortable in effecting the dismissal of a $90,000 claim that no one had authorized them to handle.
¶ 89. William Knesal was clearly committed to this lawsuit. He hired a lawyer, instituted the action against Clark and maintained it for the last twelve years of his life, never giving any indication that he was willing for his original claim against Clark to be dismissed. Castigliola and Corlew have never contended that Knesal instructed or authorized them to dismiss his claim against Clark, which involved a substantial amount of money that Knesal clearly had believed he was entitled to collect. The filing of the suggestion of death and the subsequent dismissal of the suit clearly prejudiced Knesal’s interest in pursuing what he thought to be a valid claim. The attorneys who filed it had no authority to do so, and were actively operating against their deceased client’s interests. After Knesal died, his attorneys had a duty of loyalty to protect his interests, and instead acted to protect the interests of another client. Because I find that Knesal’s attorneys had no authority to file the suggestion of death, and that the rules of legal ethics prevented them from doing so, I would reverse the dismissal of the claims between Clark and Knesal and remand for further proceedings. Therefore, I respectfully dissent.
CHANDLER AND KING, JJ., JOIN THIS OPINION.